# IN RE CRESCENT TYPEWRITER SUPPLY COMPANY.*

---

TRADEMARKS; GEOGRAPHICAL NAMES.

1. The contention by the applicant for the registration of a trademark consisting of a wreath inclosing the combination of the letters   **"ORIENT"** that the word used is not the word "Orient," but a mere arbitrary combination of letters, is untenable where his original specification stated that "the trademark consisted of the word "Orient" inclosed in a wreath, the letters E and I of the word "Orient" being printed as a monogram," and was amended on the suggestion of the Patent Office that the word "Orient" was a geographical term.

2. Under sec. 5 of the trademark act of Congress of 1905, providing that a mark consisting of a "geographical name or term" shall not be registered as a trademark, not only is a name indicating a particular place prohibited, such as the name of a city or country, or subdivision of a country, but also a name applying to a particular section of the globe, as, for instance, to a section composed of a number of countries.

---

*Trademarks—Geographical Names.*—For authorities on the question of trademark in geographical name, see note to *Elgin Nat. Watch Co.* v. *Illinois Watch Case Co.,* 45 L. ed. U. S. 365.

3. The word "Orient" is a geographical name, under sec. 5 of the trade-mark act of Congress of 1905, and as such cannot properly be registered as a trademark.   (Following *Re Hopkins*, 29 App. D. C. 118.)

No. 437.   Patent Appeals.   Submitted January 16, 1908.   Decided February 4, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for the registration of a trademark.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Guy Cunningham* for the appellant.

*Mr. Frederick A. Tennant* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents refusing to register as a trademark for ink ribbons and carbon paper a device consisting of a wreath inclosing the following combination of letters:—"ORIENT"   Underneath said combination, and within the wreath, is printed the word "brand." The application was refused by the Commissioner for the reason that the word attempted to be used in the design is the word "Orient," a geographical name, and that it is the predominating feature of the proposed trademark. It is contended by appellant that the mark is a device consisting of a wreath and letters arranged therein in an arbitrary manner; in other words, that it takes the whole design, wreath and letters, to compose the proposed trademark. It is also denied "that the word 'Orient,' as applied to typewriter ribbons, is geographical."

It appears from the record that the appellant, the Crescent Typewriter Supply Company, in its original application for the registration of the proposed trademark, inserted the following specification: "The trademark consists of the word

'Orient' inclosed in a wreath, the letters E and I of the word 'Orient' being printed as a monogram." Subsequently, when it was suggested in the Patent Office that the word "Orient" was a geographical term, and under the statute precluded from use for the purpose of registration, appellant withdrew the above specification, and now contends that the word used in the design is not the word "Orient," but a mere arbitrary combination of letters. The fact that the appellant in his original application interpreted the word used in his proposed trademark as the word "Orient" presents such a presumption of his intention as cannot well be removed by a mere withdrawal of that particular specification. Especially is this true where the design is left unchanged, and remains the same after the withdrawal or amendment of the specification as before. We are of the opinion that the only reasonable interpretation of the combination of letters used is that they spell the word "Orient," and at once convey the use of that word to the mind.

The Commissioner refused to register the appellant's mark "for the reason that the word 'Orient,' the distinguishing feature of applicant's mark, is geographical." Sec. 5 of the trademark act of 1905 provides in part that "no mark which consists merely in the name of an individual, firm, corporation, or association, not written, printed, impressed, or woven in some particular or distinctive manner or in association with a portrait of the individual, or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this act." [33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1010]. It will be noted that this section of the trademark act does not permit the use of "a geographical name or term." We think this provision of the statute is broad enough to prohibit the use of any word that has an exclusive geographical significance, or that would suggest any particular geographical location. Certainly, the use of a name indicating a particular place is prohibited, such as the name of a city, or country, or subdivision of a country. With equal certainty do we think

that it prohibits the use of a name that applies to a particular section of the globe, as, in this instance, to a section composed of a number of countries. The word "Orient" is generally understood to refer to certain eastern countries, specifically the region east and southeast of the leading states of Europe, including, among others, Turkey, Persia, Egypt, and India. The word has a fixed and definite use in our vocabulary.

A typewriter ribbon depends for its value largely upon the quality of the ink or dyes used for the purpose of impression or printing. It is well known that most valuable inks and dyes are produced and imported from some of those Oriental countries. Even though the applicant might have no intention of using any such articles in producing its ribbon, still it might reap a great advantage by having a name protected in its trademark that would suggest to the public such a use. The purpose of the statute is to prevent a manufacturer or dealer from gaining such an advantage, either directly or by subterfuge.

The question before us was conclusively disposed of by this court in the case of *Re Hopkins,* 29 App. D. C. 118, where the Commissioner had refused to register a trademark described by the words "Oriental Cream," and associated with an eagle holding a scroll in its beak. Chief Justice Shepard, stating the opinion of the court, affirmed the refusal of the Commissioner to register the trademark "on the ground that the term 'Oriental' is a geographical term, and therefore prohibited from registration by sec. 5 of the trademark act of February 20, 1905." In that case the Commissioner said: "The 'Orient' is a term used to indicate the east, eastern countries, and specifically the regions to the east and southeast of the leading states of Europe. Century Dict. The term 'Oriental' is in general use in commerce to indicate goods that are manufactured in this region, as, for example, Oriental rugs. As applied to a cream, it would indicate that the cream came from the Orient." On the face of the proposed trademark, the brand of the ribbon and paper is designated as "Orient Brand," which would convey to the public mind but one meaning, namely, that the goods manufactured by the appellant company

possessed qualities or elements that distinctively belong to the Oriental countries. The word "Orient," we think, is' such a geographical term as comes clearly within the prohibition of the statute.

The decision of the Commissioner of Patents is affirmed, and the proceedings in this court will be certified to him by the clerk, as required by law.                              *Affirmed.*